IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEIK TEHUTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1582-E-BN |
| | § | |
| CHRISTOPHER C. COLLIE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sheik Tehuti paid the $402 filing fee to commence this *pro se* action essentially relitigating a lawsuit that another judge of this Court has dismissed. *Compare* Dkt. No. 1, *with Tehuti v. Smith*, No. 3:21-cv-370-X-BT (N.D. Tex.), Dkt. No. 7; *Tehuti v. Smith*, No. 3:21-cv-370-X-BT, 2021 WL 2653520 (N.D. Tex. June 2, 2021), *rec. accepted*, 2021 WL 2652522 (N.D. Tex. June 28, 2021) (*Tehuti I*). United States District Judge Ada Brown referred Tehuti's latest lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Tehuti's motion for a preliminary injunction [Dkt. No. 8] and his motions for default judgment [Dkt. Nos. 10-13]; dismiss his amended complaint [Dkt. No. 7]; and impose sanctions.

**Applicable Background**

As recounted in *Tehuti I*, in which Tehuti was proceeding *pro se* and *in forma pauperis* (IFP),

Tehuti is no stranger to the courts. On December 20, 2012, a judge of this Court dismissed his seventh *pro se* civil action and warned Tehuti that it would impose sanctions if he persists in filing lawsuits over which the Court lacks subject matter jurisdiction. [ ] (ECF No. 28), *Tehuti, et al. v. CitiMortgage, Inc., et al.*, No. 3:12-cv-3748-P. Undeterred, Tehuti filed two more civil actions in the Fort Worth division, *see Tehuti v. Zientz*, No. 4:16-cv-00187-Y and *Tehuti v. Zientz et al.*, 4:16-cv-00849-A, and attempted to remove a third case to this division, *Trans-Atlas Financial Inc v. Tehuti*, No. 3:16-cv-00378-D-BH. After a four-year absence, he filed this case on February 22, 2021.

Tehuti's initial pleading (ECF No. 3) and amended complaint (ECF No. 7) in this case are generally incoherent and nonsensical. Without elaboration, he states that Craig Smith violated the Administrative Procedures Act of 1946, obstructed the administration of justice, and violated his constitutional rights by "allowing a defaulted party a second bite at the apple." Am. Compl. 4, 7. Tehuti further alleges that "[t]he Defendants have destroyed by [sic] homestead property tore down my barns, home, and fences. This was all done under a TRO in the 101st Judicial District Court and the COVID 19 Pandemic." *Id.* 5. He makes passing reference to numerous federal statutes, the UCC, the Texas Constitution, and common law, *id.* 2, 8, 11, 13, 15, and he attaches, as exhibits, affidavits, random pages from recorded documents and the Dallas County Appraisal District website, and invoices showing he is owed more than $500,000, *id.* 35-58.

2021 WL 2653520, at *1.

The court in *Tehuti I* dismissed the claims under the IFP Statute (28 U.S.C. § 1915) as barred by the *Rooker-Feldman* doctrine and judicial immunity. *See* 2021 WL 2652522; 2021 WL 2653520, at *1-*3. And United States Magistrate Judge Rebecca Rutherford again warned Tehuti "that [the Court] could sanction him if he persists in filing frivolous lawsuits." 2021 WL 2653520, at *3.

## Legal Standards and Analysis

As noted above, the initial complaint here is virtually the amended complaint in *Tehuti I*. And Tehuti's recent amended complaint [Dkt. No. 7] (titled Petition, Claim, and 1st Amendment Complaint in the Nature of a Suit for Damages to

Property and Business Interests Under 18 USC 1964(a), for Racketeer Influenced

Corrupt Organization Activity) is shorter but no less incoherent and nonsensical.

The amended complaint also confirms that, like *Tehuti I*, this lawsuit is

incorrectly premised on the notion that a federal district court may directly review

state court rulings. *See, e.g.*, Dkt. No. 7, ¶¶ 11-23 (describing a state court as a

"Kangaroo Court" and alleging, for example, that a state judge "violated in Dallas

County[,] Texas committed fraud by impersonating a judge" that "effected defrauding

me of my property and business interests" and that "Judge Craig Smith held a virtual

hearing on January 11, 2021, violation during the COVID-19 pandemic in Dallas,

Texas committed fraud by signing and advancing a writing which he knew he did not

have the authority to sign and in which he perpetuated the frauds of John Ivie

regarding the venue of Dallas County and Texas state law").

> "Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]."

*Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (quoting *Kimball v. Fla.*

*Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980); collecting cases; footnotes omitted)).[1]

---

[1] *See also Hill v. Washburne*, 953 F.3d 296, 306 (5th Cir. 2020) (Plaintiff "cites no legal authority … suggesting that we or the district court have power to order the [state] court to reconsider its order. He similarly does not explain how

Tehuti cites no federal statute that provides an established exception to the *Rooker-Feldman* doctrine. *Cf. Miller v. Dunn*, No. 3:20-cv-759-E, 2020 WL 6504663, at \*3 (N.D. Tex. Nov. 5, 2020) (Section 1983 is "not a specific delegation to the federal courts that upsets how constitutional determinations are reviewed in the state courts" and "allows a collateral attack on a state court judgment where, like here, a plaintiff's constitutional claims are 'inextricably intertwined' with the state court's rulings against him." (citing *Reed v. Terrell*, 759 F.2d 472, 473-74 (5th Cir. 1985) ("[T]his Court's review of the record in the instant case reveals that the plaintiffs' suit is 'patently an attempt to collaterally attack the validity of [the state court judgment].' A review of the plaintiffs' pleadings and arguments in the instant case reveals that this suit is 'inextricably intertwined' with the state court's awards against the plaintiffs. Thus, the district court did not err in dismissing the instant suit for want of jurisdiction." (quoting *Almon v. Sandlin*, 603 F.2d 503, 506 (5th Cir. 1979), then *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983); citation omitted)))).

And this jurisdiction-stripping doctrine applies even if the state proceeding has not concluded. As a panel of the United States Court of Appeals for the Fifth Circuit

---

such an order from us or the district court would not be an extrajurisdictional 'collateral attack[ ] on' the [state] court's proceedings." (quoting *Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at \*1 (5th Cir. Jan. 4, 2000) (per curiam) ("[T]he *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction over [a plaintiff's] case."))); *Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) ("[T]he complaint is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders.").

has explained,

> [t]here is disagreement among the circuits as to whether all state proceedings, including appeals, must have concluded before the federal suit is initiated in order for *Rooker-Feldman* to apply. Indeed, this Court has taken inconsistent positions on the matter: In *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986), this Court applied *Rooker-Feldman* to bar a federal suit despite the pendency of an appeal in state court; but in *Rowley v. Wilson*, 200 F. App'x 274, 275 (5th Cir. 2006) (per curiam), this Court declined to apply *Rooker-Feldman* because the case was on appeal to a state appellate court, observing that "[*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005),] tells us when a state court judgment is sufficiently final for operation of the *Rooker-Feldman* doctrine: when 'the state proceedings [have] ended.'"
>     Although *Hale* predated *Exxon*, the split in authority following *Exxon* on the question of finality suggests that that case did not "unequivocally" overrule *Hale. See Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012) ("[F]or a Supreme Court decision to change our Circuit's law, it 'must be more than merely illuminating with respect to the case before [the court]' and must 'unequivocally' overrule prior precedent." (second alteration in original)). Further, the portion of *Exxon* quoted in *Rowley* – an unpublished opinion with limited precedential value under 5th Circuit Rule 47.5.4 – is found not in *Exxon*'s holding but in its description of the *Rooker* and *Feldman* cases, *see Exxon*, 544 U.S. at 291. *Exxon*'s holding refers only to "state-court judgments rendered before the district court proceedings commenced." *Id.* at 284. Accordingly, we appear to be bound by *Hale* pursuant to this Circuit's rule of orderliness. *See Technical Automation Servs. Corp.*, 673 F.3d at 405-07.

*Houston v. Venneta Queen*, 606 F. App'x 725, 731-32 (5th Cir. 2016); *see also Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.5 (5th Cir. 2017) ("In a case pre-dating *Illinois Central*[ *Railroad Co. v. Guy*, 682 F.3d 381 (5th Cir. 2012),] we found *Rooker-Feldman* to bar review of a state court judgment when the state court appeal was pending at the time the federal action was filed. *Hale v. Harney*, 786 F.2d 688, 689-91 (5th Cir. 1986). Contrary to *Illinois Central*'s explication of the doctrine, *Hale* suggests that a state court judgment need not be issued by a court of last resort for *Rooker-Feldman* to apply. Because of this apparent tension in our case law, we do not

rely on this aspect of the doctrine to resolve the jurisdictional question before us now.").

Alternatively, should the Court determine that it does have jurisdiction to consider Tehuti's allegations, the Court should dismiss this suit sua sponte as barred by res judicata.

Although Tehuti paid the statutory filing fee, "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise this "inherent authority ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted).

The Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at \*2 (citations omitted)).

"Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to that rule applies here and "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at \*6 (N.D. Tex. Dec. 16, 2014) (citation modified).

The first three conditions are easily met here – as between *Tehuti I* and this lawsuit, the parties are identical, and this district court entered a final judgment dismissing the prior case.

Taking up the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at \*6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004))).[2]

The claims here are based on the same nucleus of operative facts. And it does not matter that Tehuti may add some factual allegations to this complaint that he may claim occurred after dismissal of *Tehuti I*, as those facts are not consequential to the tenor of his allegations and do not materially affect the claims, which are substantially the same across both actions.

Put another way, Tehuti's claims (and how a court should treat these claims)

---

[2] *See also Murry v. GSA*, 553 F. App'x 362, 365 (5th Cir. 2014) (per curiam) ("The critical issue under the transactional test is whether the two actions are based on the same nucleus of operative facts. What grouping of facts constitutes a transaction or a series of transactions must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (quoting *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting, in turn, RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)); internal quotation marks omitted)); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citation omitted)).

have not changed as between *Tehuti I* and this lawsuit. *See, e.g., Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (considering a similar transactional test and rejecting a plaintiff's argument against claim preclusion that turned on his contention that his suits presented "two separate clusters of facts" where "the ultimate relief sought" was the same and "the facts bearing on the appropriateness of that remedy ... would be the same").

Further, to obtain a preliminary injunction [Dkt. No. 8] – "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted) – the applicant must show a substantial likelihood that he will prevail on the merits. For the reasons explained above, Tehuti has failed to show a substantial likelihood that he will succeed where the Court lacks jurisdiction over his claims or those claims should be dismissed as barred by res judicata.

And Tehuti has not shown that he is entitled to default judgments, *see* Dkt. Nos. 9-13, as the Clerk of Court has declined to enter defaults because Tehuti never requested that the Court issue summons. "[A] defendant can not make an appearance for purposes of [Federal Rule of Civil Procedure] 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).

That is, "[u]ntil [a defendant] is properly served," the plaintiff "cannot obtain a default judgment." *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per

curiam) (citations omitted); *see, e.g.*, *Richardson v. Avery*, No. 3:16-cv-2631-M-BH, 2016 WL 7803155, at *2 (N.D. Tex. Dec. 22, 2016) ("The docket does not reflect that compliance with the requirements of Rule 4 for service of process. Until he has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.' Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." (quoting *Rogers*, 167 F.3d at 937; citations and footnote omitted)), *rec. accepted*, 2017 WL 213056 (N.D. Tex. Jan. 17, 2017).

## Sanctions

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986))

As reflected above, judges of this Court have repeatedly warned Tehuti that if he persists in commencing lawsuits over which the Court lacks subject matter jurisdiction or that are otherwise frivolous, he would be subject to sanctions. No more warnings are necessary.

This Court should instead bar Tehuti from proceeding either *in forma pauperis*

or *pro se* in any action in this Court – whether filed here; filed in state court and removed to this Court; or filed in another federal court and transferred to this Court – without first obtaining leave of the Court in writing. And all future actions in which Tehuti is proceeding either *in forma pauperis* or *pro se* without obtaining written leave of the Court should be docketed and then administratively closed.

## Recommendation

The Court should deny Plaintiff Sheik Tehuti's motion for a preliminary injunction [Dkt. No. 8] and his motions for default judgment [Dkt. Nos. 10-13]; dismiss his amended complaint [Dkt. No. 7]; and impose the filing sanction recommended above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

- 12 -

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: August 13, 2021

                                _____

                                DAVID L. HORAN
                                UNITED STATES MAGISTRATE JUDGE